# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DO KYUN KIM,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-233-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Regarding his guilty-plea conviction for distribution of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Do Kyun Kim contends solely that his within-Sentencing-Guidelines-advisory-range sentence of, *inter alia*, 135 months' imprisonment was substantively unreasonable.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10289

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Kim's objecting to the substantive reasonableness of his sentence, following its imposition, preserved his challenge on appeal.

"A discretionary sentence imposed within a properly calculated [G]uidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted). "The presumption is rebutted only upon [defendant's] showing that the sentence does not account for a[n] [18 U.S.C. § 3553(a)] factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted). These factors include, as Kim contends is essential in this instance, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". 18 U.S.C. § 3553(a)(6).

At the sentencing hearing, Kim urged the court to vary downward from the advisory Guidelines sentencing range (135–168 months' imprisonment) the court adopted because: his Guidelines range was based on drug quantities he admitted when he cooperated with authorities immediately following his

2

arrest; if he had waited to cooperate until speaking with an attorney, the Government would have entered a cooperation agreement with him; pursuant to Guideline § 1B1.8(a), such an agreement would have prevented the court from using the drug quantities he discussed with authorities to calculate his Guidelines range; and it would have been much lower (57–71 months' imprisonment) without those drug quantities. The court considered this claim; but, in weighing the § 3553(a) sentencing factors and all information presented to it for sentencing, it concluded that "a sentence within the [G]uideline[s] range [was] required for the sentencing factors contemplated by [18 U.S.C. §] 3553(a) to be satisfied".

On the other hand, based on its consideration of those factors, the court sentenced Kim "at the very bottom of the advisory [G]uideline[s] range, taking into account all of the things that have been presented to the Court". Kim objected to the sentence as, *inter alia*, substantively unreasonable.

Regarding his substantive-unreasonableness claim, Kim has not provided any evidence, beyond his own speculation, showing the Government would have offered him a cooperation agreement, pursuant to Guideline § 1B1.8(a), had he delayed in cooperating. Nor has he showed the court failed to consider "the need to avoid unwarranted sentencing disparities" or give proper weight to the other § 3553(a) factors in imposing his sentence. *See* 18 U.S.C. § 3553(a); *Cooks*, 589 F.3d at 186 (citation omitted). His "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-[G]uidelines sentence". *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citations omitted).

AFFIRMED.